UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVELYN MARTINEZ,

        Plaintiff,

-vs-                                       Case No. 6:05-cv-1165-Orl-18DAB

FLORIDA ASSOCIATION OF COUNTIES
TRUST RISK SERVICES
CORPORATION,

        Defendant.

## ORDER

This cause comes before the Court upon three Report and Recommendations ("R&R") from the Magistrate Judge. On August 5, 2005, the Magistrate Judge issued an R&R (Doc. 5) recommending a denial of Plaintiff's *in forma pauperis* ("IFP") application for failure to show an inability to pay filing and service fees. The Magistrate Judge also instructed Plaintiff that the Complaint failed "to set forth any federal claim against Defendant." (Doc. 5 at 1-2.) On August 23, this Court endorsed the August 5 R&R (Doc. 7).

On August 25, Plaintiff filed a Motion to Change Venue (Doc. 8) and an Amended IFP Motion (Doc. 9), to which the Magistrate Judge issued an R&R (Doc. 10) recommending the denial of both motions. The Magistrate Judge recommended that Plaintiff failed to assert adequate grounds for a change of venue and failed to submit an adequate Amended IFP Motion because the Complaint still did not "set forth a claim (federal or otherwise) against the named

-1-

Defendant." (Doc. 10 at 1.) The Court now adopts the Magistrate Judge's August 25 R&R and denies Plaintiff's Change of Venue Motion and Amended IFP Motion.

On August 31, Plaintiff filed a notice of appeal as to the August 23 endorsed order of the Magistrate Judge's R&R (Doc. 13.) Plaintiff subsequently filed the following motions: 1) Motion for Leave to Appeal IFP (Doc. 14); 2) Motion for Recusal of District Judge (Doc. 15); and 3) Motion for Recusal of Magistrate Judge (Doc. 16). On September 12, the Magistrate Judge issued a third R&R (Doc. 18) recommending the denial of the Motion for Leave to Appeal IFP and the Motion for Recusal of the Magistrate Judge, which this Court now adopts.

Further, the Court dismisses the Complaint for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). District courts must determine whether the court has subject matter jurisdiction "at the earliest possible stage in the proceedings." Univ. of S. Ala. v. Am. Tobacco, 168 F.3d 405, 410 (11th Cir. 1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377. "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss [it] for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

As the Magistrate Judge made clear on three separate occasions, the Complaint fails to raise a federal claim against the Defendant. Although Plaintiff attempts to bring this action on the basis of diversity jurisdiction by naming an Illinois defendant (Compl. at 1), the facts of the

Complaint fail to allege any involvement on the part of that defendant. Diversity jurisdiction only exists where the suit is between citizens of different states. 28 U.S.C. § 1332(a). It appears that Plaintiff's claim, if there is one, is against an in-state defendant due to the allegations involving the Melbourne Police Department and the Parks and Recreation Department of Brevard County. Diversity jurisdiction, therefore, is inappropriate.

For the foregoing reasons, the Court accordingly orders as follows:

(1) The Magistrate Judge's R&R (Doc. 10) is **ADOPTED** and Plaintiff's Motion to Change Venue (Doc. 8) and Amended IFP Motion (Doc. 9) are **DENIED**.

(2) The Magistrate Judge's R&R (Doc. 18) is **ADOPTED** and Plaintiff's Motion for Leave to Appeal IFP (Doc. 14) and Motion for Recusal of Magistrate Judge (Doc. 16) are **DENIED**.

(3) Plaintiff's Motion for Recusal of District Court Judge (Doc. 15) is **DENIED** for failure to set forth an adequate ground for recusal.

(4) The Complaint is **DISMISSED** for lack of subject matter jurisdiction and for failure to pay filing and service fees.

**DONE** and **ORDERED** in Orlando, Florida on this 30 day of September, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties